Arthur. H Piervincenti, P.A.
631-300 Brawley School Rd. PMB # 225
Mooresville, NC 28117
Email: arthur@lawahp.com
Attorneys for Plaintiff
Our File No.: 118211

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| Amy R. Bryan, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>RCS Capital Partners, Inc.,<br><br>　　　　　　　　　Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Amy R. Bryan, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against RCS Capital Partners, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.　　This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.　　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.　　Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of North Carolina.

## PARTIES

5. Plaintiff Amy R. Bryan is an individual who is a citizen of the State of North Carolina residing in Mecklenburg County, North Carolina.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant RCS Capital Partners, Inc., is a New York Corporation with a principal place of business in Erie County, New York.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. On an exact date unknown to Plaintiff, but within a year of this Complaint, in its efforts to collect the alleged Debt, Defendant contacted Plaintiff's by telephone at Plaintiff's home.

21. Defendant left a voicemail message ("the Message") for Plaintiff.

22. The Message announced the call was from "RCS."

23. The Message conveyed information regarding the alleged Debt.

24. The Message is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
## Violation of 15 U.S.C. § 1692g

25. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

26. The Message was the initial communication Plaintiff received from Defendant concerning the alleged Debt.

27. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information, notices and disclaimers. 15 U.S.C. § 1692g(a)(1)-(5).

28. Defendant was required to send Plaintiff the aforementioned written notice within five days of the telephone call to Plaintiff.

29. Defendant failed to send the required written notice to Plaintiff within five days of the telephone call to Plaintiff.

30. Defendant's failure to send the required written notice to Plaintiff within five days of the telephone call to Plaintiff is a violation of 15 U.S.C. § 1692g.

31. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g and is liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10)

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

3

Barshay Sanders PLLC

34. 15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

35. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

36. The Message announced that Plaintiff's file had been sent for review

37. The Message announced that a recommendation had to be filed by Thursday.

38. The Message announced that Plaintiff had to contact Defendant before that day.

39. The least sophisticated consumer could reasonably interpret the Message to mean that if she did not immediately contact Defendant, she would subject to some adverse action.

40. The least sophisticated consumer could reasonably interpret the Message to mean that if she did not immediately contact Defendant, she would be sued.

41. The least sophisticated consumer could reasonably interpret the Message to be a threat of some adverse action.

42. The least sophisticated consumer could reasonably interpret the Message to be a threat of legal action.

43. Defendant's threat is a false representation made in connection with Defendant's collection of the alleged Debt.

44. Defendant's threat is a deceptive means used in connection with Defendant's collection of the alleged Debt.

45. Defendant's threat is a misleading representation made in connection with Defendant's collection of the alleged Debt.

46. Defendant never intended to sue Plaintiff.

47. Defendant had no grounds to sue Plaintiff.

48. Defendant's threat is a threat to take action that cannot legally be taken.

49. Defendant's threat is a threat to take action that was not intended to be taken.

50. Defendant's threat is a false representation made in an attempt to collect the alleged Debt.

51. Defendant's threat is the use by Defendant of a deceptive means in an attempt to collect the alleged Debt.

52. For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

53. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of North Carolina.

54. Plaintiff seeks to certify two classes:

> i. All consumers to whom Defendant failed to send a written notice as required by Section 1692g of the FDCPA, on or after a date one year prior to the filing of this action to the present.
>
> ii. All consumers whom Defendant threatened legal action against, when Defendant did not intend to sue such consumer and/or whom Defendant had no grounds to sue, which threat was made on or after a date one year prior to the filing of this action to the present.

55. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

56. The Class consists of more than thirty-five persons.

57. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

58. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

59. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

60. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: October 22, 2019

Arthur. H Piervincenti, P.A.

s/ Arthur. H Piervincenti
631-300 Brawley School Rd. PMB # 225
Mooresville, NC 28117
arthur@lawahp.com
*Attorneys for Plaintiff*

David M. Barshay, Esq.
(Pro Hac Vice to be submitted)
Barshay Sanders, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
*Attorneys for Plaintiff*